■ In the Matter of Nick T. Coluccio et al., Individually and as Trustees of Local 442 Pension Fund, Petitioners, v Benjamin R. Schenck, as Superintendent of Insurance of the State of New York, Respondent.— Determination unanimously confirmed, without costs. Memorandum: In this article 78 proceeding petitioners seek review of a determination of respondent Superintendent of Insurance of the State of New York finding that petitioners had violated section 37-1 of the Insurance Law ordering the removal of petitioners Coluccio, Mazza and Terzini as trustees of the Local 442 Pension Fund (Fund) and fining each petitioner $1,500. The proceeding was properly transferred to this court pursuant to CPLR 7804 (subd [g]) inasmuch as the sole issue in this case is whether respondent's determination is supported by substantial evidence. In August, 1971 petitioners, as trustees of the Fund, entered into an Investment Management Agreement with Fundamatic Management, Inc. (Fundamatic), wherein Fundamatic was given full power to buy, sell and trade in stocks, bonds and any other securities for the account of the Fund without advance approval of petitioners. This authorization extended to all assets of the Fund. In the period between July, 1971 and September, 1971 Fundamatic received moneys from the Fund for investment purposes totaling $225,000. However, as early as December, 1970, an Insurance Department monthly bulletin had set forth the department's policy against delegating the unlimited exercise of discretion in the management of pension fund assets. From August, 1971 through November, 1972 this money was invested by Fundamatic primarily in highly speculative stocks resulting in a loss in the amount of $90,197.27. Respondent found that petitioners not only violated the dictates of the department bulletin referred to above but that their actions also constituted a "wilful" violation of their fiduciary responsibilities as set forth in article 3-A of the Insurance Law. We find no merit in petitioners' contention that there was not substantial evidence to support respondent's finding that petitioners "wilfully" failed to comply with the requirements of article 3-A of the Insurance Law. The Court of Appeals, in interpreting the word "wilful" as used in section 225 of the Insurance Law, defined that term as "no more than intentional and deliberate" (Matter of Old Republic Life Ins. Co. v Thacher, 12 NY2d 48, 56). Here, it was established by substantial evidence that petitioners intentionally and deliberately delegated to Fundamatic the responsibility of investing the Fund's assets, constituting a willful violation of not only section 37-1 of the Insurance Law but also the proscription of the Insurance Department bulletin with regard to such activity. Furthermore, there was substantial evidence to support respondent's finding that the total depletion of $90,197.27 of the Fund's assets was due to the wrongful acts of petitioners. The breach of petitioners' fiduciary duty occurred when they executed the contract with Fundamatic and thereby relinquished all effective control of the Fund corpus. Once that breach of duty is established any loss that follows during the performance of that contract is attributable to petitioners (see, generally, Matter of Greenseid v Stewart, 30 NY2d 730). In any event, petitioners are not currently sur-

charged with the fund depletion, but rather a copy of respondent's determination and findings were properly transmitted to the Attorney-General for possible further action (Insurance Law, § 37-l, subd 7). (Article 78 proceeding transferred by order of Oneida Supreme Court.) Present—Moule, J. P., Cardamone, Dillon and Witmer, JJ.